Walsh v. New England Casualty Co., 198 Ill. App. 511.

## James V. Walsh, Defendant in Error, v. New England Casualty Company, Plaintiff in Error.

### Gen. No. 21,035.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HUGH R. STEW-ART, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Reversed with finding of facts. Opinion filed April 12, 1916.

## Statement of the Case.

Action by James V. Walsh, plaintiff, against the New England Casualty Company, a corporation, defendant, in the Municipal Court of Chicago, to recover salary. To reverse a judgment for plaintiff for fifty-four dollars, defendant prosecutes this writ of error.

RYAN & CONDON, for plaintiff in error; IRWIN I. LIVINGSTON, of counsel.

No appearance for defendant in error.

MR. PRESIDING JUSTICE PAM delivered the opinion of the court.

## Abstract of the Decision.

1. MASTER AND SERVANT, § 84*—*when evidence insufficient to prove contract of employment from month to month.* In an action to recover salary based on the theory that the hiring was from month to month, entitling plaintiff to a month's notice of intention to discharge, evidence examined and *held* not sufficient to prove a contract of employment from month to month.

2. MASTER AND SERVANT, § 84*—*when evidence insufficient to show that servant was not discharged for good cause.* In an action to recover salary, evidence examined and *held* insufficient to show that plaintiff was not discharged for good cause.

3. MASTER AND SERVANT, § 84*—*when evidence sufficient to show discharge of servant on specified date.* In an action for salary,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

where the evidence was conflicting as to whether plaintiff was discharged on July 31st or August 1, 1914, evidence examined and *held* to show that the discharge took place on July 31st.

4. MASTER AND SERVANT, § 84*—*when evidence insufficient to sustain verdict.* In an action to recover salary, where there was no contract for hiring by the month and where the evidence showed that plaintiff was discharged for good cause, a finding for plaintiff for the amount of a month's wages after discharge less what plaintiff earned in that time *held* erroneous.